Marc D. Haefner
Patrick S. Salamea
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Ph:    973-757-1100

*Counsel for Plaintiff,*
*SPR Global Oil & Commodities DMCC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPR Global Oil & Commodities DMCC,<br><br>Plaintiff,<br><br>v.<br><br>M/V SW SOUTH WIND I (IMO No. 9478626), her engines, freights, apparel, appurtenances, tackle, etc., *in rem*,<br><br>Defendant. | Civil Action No.<br><br>**IN ADMIRALTY**<br><br>**VERIFIED COMPLAINT WITH PRAYER FOR WARRANT OF ARREST**<br><br>*Filed Electronically* |

Plaintiff, SPR Global Oil & Commodities DMCC (herein after "Plaintiff" or "SPR"), by way of Verified Complaint against Defendant, M/V SW SOUTH WIND I (hereinafter "SOUTH WIND" or "the Vessel"), alleges and pleads as follows:

### Jurisdiction and Venue

1.      This is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). This action is within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, and is brought pursuant to Supplemental Rule C ("Rule C") of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.      Jurisdiction and Venue is proper in this Court as the Vessel is or will be present in this District while the action is pending.  The Vessel is scheduled to arrive at the Port of Newark, New Jersey on or about October 31, 2025. The Vessel may be arrested to enforce a maritime lien in accordance with Rule C.

### The Parties

3.      Plaintiff, SPR, is a foreign corporation engaged in the business of providing marine necessaries to ships, namely fuel and gas oil (*i.e.* "bunkers"), and maintains an office address at P-1 ELOB Office No. E2-115G-04, HAMRIYAH FREE ZONE, Sharjah, 117010, United Arab Emirates.

4.      Glander International Bunkering DMCC ("Glander") is also a foreign corporation and global marine fuels and lubricants supplier servicing the shipping industry with an office in Dubai, United Arab Emirates.  SPR is asserting the claims of Glander, as Glander's assignee pursuant to a written "Confirmation of Assignment" between SPR and Glander.

5.      Commodities Care Shipping Pte. Ltd. ("Commodities Care") was the charterer of the SOUTH WIND when SOUTH WIND received bunkers on or about November 11-13, 2024.

6.      Defendant, SOUTH WIND, is an ocean-going bulk carrier vessel, registered in Panama, with IMO Number 9478626, scheduled to arrive in this District - at the Port of Newark, New Jersey on or about October 31, 2025 – during the pendency of this action – and is subject to this Court's jurisdiction.  Upon information and belief, the registered owners of the Vessel are SW South Wind Shipping LLC, with an address of Trust Company Complex, Ajeltake Road, Ajeltake, Majuro MH 96960, Marshall Islands.

2

**Facts**

7.      Glander entered a contract with Commodities Care – via Glander Order Ref.:

1036-AE19494, Order Date October 31 for provision of bunkers to SOUTH WIND at the port

of Khor Fakkan-Sharjah, AE on November 11-13, 2024.

8.      Glander's Order confirmation to Commodities Care provided:

It is agreed and acknowledged that a lien over the Vessel is created for the price of the
fuel supplied together with any interest accrued. The Buyer, if not the Owner of the
Vessel, hereby expressly warrants that they have full authority of the
Agents/Traders/Owners/Managers/ Operators/Charterers to pledge the Vessel in favor
of the Seller and that they have given notice of the provisions of the Contract to them.
The Seller shall not be bound by any attempts by any person to restrict, limit or prohibit
its lien(s) attaching to the vessel.

Our latest version of General Terms and Conditions of Sale (GTCS), available on our
website at https://gibunkering.com/TCs/Dubai.pdf, shall apply to this contract and all
contracts business undertaken by us. Copy available on request.

9.      The contract, therefore, also incorporated Glander's sale Terms and Conditions
("T&C").

10.     Glander's T&C defined the "Buyer" as:

the entities or persons identified on the Order Confirmation who have contracted with
the Seller to buy Products, which shall include its assignees or successors, Managers
(the entity that is operationally or technically or commercially managing the Vessel),
Operators (the entity that may be commercially operating the Vessel), Trader (the entity
that is buying the Products from the Seller and selling such to the
Owner/Managers/Operator), Owner (the owner of the vessel).

11.     Glander's T&C state that:

A Contract shall only be concluded and binding when the Seller sends the Order
Confirmation to the Buyer. Each Order Confirmation shall incorporate these GTCS
whether or not the Order Confirmation includes an express reference to
the GTCS. If the Seller for whatever reason fails to issue or send an Order
Confirmation to the Buyer these GTCS shall govern the sale nonetheless and a contract
pursuant to these GTCS shall be deemed to have come into existence.

12.    Glander's T&C provide for a maritime lien on the Vessel and the application of U.S. law with respect to the existence of a maritime lien.  Specifically, section 14 ("Lien") provides:

> In addition to any other security the Seller may have, and as this Contract is entered into and product is supplied upon the faith and credit of the Vessel, it is agreed and acknowledged that a lien over the Vessel is created for the price of the Products supplied together with any interest accrued. The Buyer, if not the Owner of the Vessel, hereby expressly warrants that they have full authority of the Agents/Traders/Owners/ Managers/Operators/Charterers to pledge the Vessel in favor of the Seller and that they have given notice of the provisions of this Contract to them. The Seller shall not be bound by any attempt by any person to restrict, limit or prohibit its lien(s) attaching to a Vessel. The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien, regardless of the country in which Seller takes legal action. Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity, or otherwise, in any jurisdiction where the Vessel may be found.

13.    Glander's T&C also allowed Glander to have a third party perform all or part of its obligations under the Contract.

14.    Subsequently, Glander issued a bunker nomination to SPR to provide bunkers to SOUTH WIND.

15.    On November 4, 2024, SPR issued an order confirmation to the bunker nomination that confirmed the buyer as:

> GLANDER INTERNATIONAL BUNKERING DMCCJOINT AND SEVERALLY OWNERS/MANAGING OWNERS/OPERATORS/MANAGERS/DISPONENT OWNERS/CHARTERERS.JOINTLY AND SEVERALLY OWNERS/MANAGING OWNERS/OPERATORS/MANAGERS/DISPONENT OWNERS/CHARTERERS. MERE RECEIPT OF THIS CONFIRMATION SIGNIFIES ACCEPTANCE OF RESPONSIBILITY FOR PAYMENT OF OUR BUNKER INVOICE BY EACH AND ALL OF THEM.

16.    SPR – through International Marine & Energy ("IME") as physical supplier - caused the order bunkers to be delivered to the SOUTH WIND on or about November 11-13,

2024. Specifically, according to IME's bunker delivery notice, IME delivered, and SOUTH WIND received and accepted, 799.950 MT of fuel oil and 50 MT of gas oil.

17.     Upon information and belief, SOUTH WIND consumed the bunkers and received the benefit of said bunkers, including allowing SOUTH WIND to complete.

18.     Glander performed all its obligations under its contract with Commodities Care and the contractually defined buyers. Commodities Care is obligated to pay Glander.

19.     SPR too performed all its obligations under its contract with Glander and the contractually defined buyers.

20.     SPR issued an invoice to SOUTH WIND and/or its owners, charterers, managers, despondent owners, agents and/or Glander in the amount of $463,773.45 USD for the provision of 799.950 MT of fuel oil and 50 MT of gas oil to the SOUTH WIND on November 15, 2024. This invoice remains unpaid.

21.     Glander also issued an invoice for the delivered bunkers and directed its invoice to the SW SOUTH WIND I and/or master and/or SW South Wind Shipping LLC and/or charterers and/or managers and/or operators and/or Commodity Care Shipping Pte. Ltd. 10 KAKI BUKIT AVENUE 1, #01-04 Singapore, 417942, Singapore under Glander Invoice AE076250 in the amount of $516,871.60 USD. This invoice also remains unpaid and past due.

22.     Commodity Care's Head of Chartering admitted the owing Glander the overdue amount for the bunker provisions to the SOUTH WIND in a January 2025 email.

23.     No payment for the bunkers delivered to the vessel has even been remitted, thereby giving rise to a maritime lien in favor of Glander.

24.     In a written "Confirmation of Assignment" (herein "Assignment") signed on September 9, 2025 by SPR and September 12, 2025 by Glander, Glander assigned its rights

related to the provision of bunkers to SOUTH WIND – including specifically its maritime lien

over the SOUTH WIND - to SPR.  Specifically, the Assignment provides:

> **FOR VALUE RECEIVED,** Glander International Bunkering DMCC ("Glander")
> assigns exclusively to SPR Global Oil & Commodities DMCC ("SPR") all of its right,
> title and interest, including but not limited to those as provided under Glander's sales
> Terms and Conditions incorporated in the associated provision of marine fuel ("bunkers")
> as provided for under Glander Order Ref.: I 036-AE I 9494, Order Date 31-10-2024, for
> provision of bunkers to the Vessel M/V SW SOUTH WIND I (IMO No.: 9478626),
> Delivery Port: Khor FakkanSharjah, AE, FO 380 CST- max 3.50% 800 Mrs. USO 531.00
> *I* MTS ISO 82l7:2010(E) RMG  380, MGO 0.10% 50 Mts. USO 780.00 / MTS ISO
> 8217:20 I 0(E) OMA, provided to the Vessel  M/V SW SOUTH WIND I (IMO No.:
> 9478626), on or about 11th to 13th November, 2024, and invoiced by Glander to SW
> SOUTH WIND I and/or master and/or SW South Wind Shipping LLC and/or charterers
> and/or managers and/or operators and/or Commodity Care Shipping Pte. Ltd. 10 KAKI
> BUKIT AVENUE 1, #01-04 Singapore, 417942, Singapore under Glander Invoice
> AE076250 (herein collectively, the "Bunker Provision.").

25.     Glander provided notification of the assignment to Commodities Care.

26.     Accordingly, SPR may and does now seek enforcement of a maritime lien for

the supply of necessaries, *i.e.* bunkers, under the provisions of 46 U.S.C. §§ 31341 *et seq*. and

enforceable under Rule C of the Supplemental Rules for Certain Admiralty and Maritime

Claims.

27.     The sum of $516,871.60 USD, plus applicable prejudgment interest and costs,

remains due and owing for the bunkers supplied to the Vessel under the relevant bunker supply

contract.

28.     SPR is entitled to payment of the overdue due and owing for the bunkers

supplied to the Vessel pursuant to its Assignment from Glander.

## COUNT I – BREACH OF MARITIME CONTRACT GIVING RISE TO A MARITIME LIEN *IN REM* AGAINST THE VESSEL

29.     Plaintiff realleges and incorporates the foregoing paragraphs as though full set forth herein.

30.     No payment for the bunkers delivered to the vessel has even been remitted.

31.     The failure of the Vessel and its owners, charterers, managers, or operators to pay the agreed sums for delivered, received, and consumed bunkers by the Vessel, gives rise to a maritime lien against the Vessel.

32.     Plaintiff, as the assignee of Glander, holds the maritime lien *in rem* against the Vessel for its damages, the costs of arrest, and interest, as set out below.

33.     Plaintiff is entitled to proceed *in rem* against the Vessel under Supplemental Admiralty Rule C.

34.     Plaintiff therefore proceeds to arrest the Vessel to execute on its maritime lien *in rem*, for sale of the Vessel and satisfaction of its maritime lien *in rem* as demanded below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.     That the Clerk of this Court issue a warrant for arrest of the Vessel, commanding the United States Marshal for this District, or pursuant to alternative service of the warrant as ordered by this Court, to arrest and take into custody the Defendant Vessel and detain the same in the custody of the U.S. Marshall or substitute custodian until further order of this Court;

B.     That this Court find that Plaintiff holds a valid maritime lien *in rem* against the Vessel and its engines, appurtenances, furnishings, machinery, and equipment;

C.      That this Court enter judgment *in rem* against the Vessel, including without limitations all of its engines, machinery, tools, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the Vessel, whether on board or not, and order that Plaintiff's claims of at least **$516,871.60, USD** as detailed above, plus costs and expenses of this action including arrest and maritime prejudgment interest, and attorneys' fees be asserted and executed against the Vessel for Plaintiff's maritime liens, *in rem*, and that the Vessel be sold to satisfy Plaintiff's maritime liens *in rem*;

D.      That all persons claiming any interest in the Vessel be cited to appear and answer the matters alleged in this Verified Complaint; and that this Court award Plaintiff its costs and other expenses incurred in connection with this proceeding, including without limitations, all costs incurred in *custodia legis*;

E.      That the M/V SOUTH WIND I, her engines, freights, apparel, appurtenances, tackle etc. *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fee; and

F.      That this Court grant Plaintiff other just and proper legal and equitable relief.

Respectfully submitted,

J. Stephen Simms (*pro hac vice* forthcoming)   By: */s/ Marc D. Haefner*
Gary C. Murphy (*pro hac vice* forthcoming)   Marc D. Haefner
Simms Showers LLP                              Patrick S. Salamea
201 International Circle                        WALSH PIZZI O'REILLY FALANGA LLP
Baltimore, Maryland 21030                       Three Gateway Center
Ph. 443-290-8704                                100 Mulberry Street, 15th Floor
jsssimms@simmsshowers.com                       Newark, New Jersey 07102
gcmurphy@simmsshowers.com                       Ph:    973-757-1100

                                                *Attorneys for Plaintiff SPR Global Oil &*
                                                *Commodities DMCC*

Dated: October 30, 2025

## VERIFICATION

I am a principal of Simms Showers LLP, counsel to Plaintiff SPR Global Oil & Commodities DMCC ("SPR").   No officer of SPR is present in this District to make this declaration, which SPR has authorized me to make on their behalf based on facts including documents and facts from SPR's files.  The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the documents and records available to SPR.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

Executed October 30, 2025

J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
443-290-8704; fax 410-510-1789
jssimms@simmsshowers.com

## **LOCAL RULE 11.2 CERTIFICATION**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending litigation in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined to this action.

*/s/ Marc D. Haefner*
Marc D. Haefner

## **LOCAL RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, inter alia, injunctive relief.

*/s/ Marc D. Haefner*
Marc D. Haefner